# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| **BEN BARNES** | ) |
| | ) |
|     **Plaintiff,** | ) |
| v. | )    **CIVIL ACTION NO.** |
| | ) |
| **ALABAMA VENTURES-HUNTSVILLE, LLC,** | ) |
| | ) |
|     **Defendant.** | ) |

## COMPLAINT

## JURISDICTION AND VENUE

1. This is a complaint for legal and equitable relief to redress violations by the defendants of the plaintiffs' rights secured by:

   a) Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq.

2. Federal subject matter jurisdiction exists pursuant to:

   a) 28 U.S.C. § 1331; and 1343(a)(3); and

   b) Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, etseq.

## PARTIES

3. Plaintiff, Ben Barnes (hereinafter referred to as "Barnes" or "Defendant"), is a male over the age of nineteen years old and a citizen of Madison County, Alabama.

Plaintiff was employed by and performed educational services for Defendant in Madison County, Alabama.

4. Defendant, Alabama Ventures-Huntsville, LLC (hereinafter referred to as "Alabama Ventures" or "Defendant") is an Alabama limited liability corporation operating an entertainment facility in Madison County, Alabama d/b/a Veloce Indoor Speedway.

**NATURE OF ACTION**

6. Barnes brings this action of unlawful employment practices and acts of intentional discrimination that occurred at Alabama Ventures, business located in the Northeastern Division of the Northern District of the United States District Court for Alabama.

7. This is an action to redress grievances resulting from acts of Alabama Ventures, their agents, servants, and employees with respect to Plaintiff's employment; and for a permanent injunction restraining Alabama Ventures from maintaining a policy and practice of discriminating against Barnes and other persons similarly situated on account of gender.

8. Barnes seeks to be reinstated to his former position wherein he was discriminated against due to his gender.

9. Barnes seeks compensatory and punitive damages to which he is entitled and attorneys' fees and costs.

## ADMINISTRATIVE PROCEDURES

10. On October 21, 2016, within 180 days of learning of the acts of discrimination of which he complains, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission (hereinafter "EEOC"). (**Attached as Exhibit A.**)

11. Plaintiff received a Notice of "Right to Sue" from EEOC, dated March 6, 2017 with regard to his Charge of Discrimination against Defendant, entitling him to institute a civil action in federal district court.(**Attached as Exhibit B**).

12. Plaintiff has exhausted his administrative remedies and all prerequisites for bringing this action have been met.

## STATEMENT OF FACTS

13. Barnes is a male who was hired as a Sales Manager at Defendant's indoor entertainment facility located in Huntsville, Alabama.

14. Prior to his employment, Barnes interviewed with Hank Sorenson, the Managing Partner of Alabama Ventures.

15. During Barnes' interview with Sorenson, he stated that he used to work for and his wife still worked at Insanity Complex. Barnes asked Sorenson if Insanity would be a conflict for him. Sorenson replied, absolutely not, we are going after two different people, stating they (Veloce) was going after the 18-40 year old male.

16. On June 22, 2016, Sorenson extended an offer of employment and Barnes

accepted. Barnes began his employment with Alabama Ventures.

17. On July 17, 2016, while away on a pre-approved vacation, I received a call from my supervisor, Kenny Williams, General Manager, who told me that he had been instructed to fire me because a conflict of interest existed between the company and my previous employer.

18. Shortly after I was terminated, Mr. Williams told me that the owners of the company wanted to get rid of me because of my gender, and he was told they wanted an older female in my position to help with parties and that soccer moms related better to a female than a male.

19. Mr. Williams also told me that there was no conflict of interest with my previous employer and that the owners likely used that as an excuse to mask their true reasons for terminating me.

20. Mr. Williams also stated to me that Mr. Hoffman stated to him that he was only allowed to hire good-looking females, excluding "fat chicks," at the facility.

21. Mr. Williams stated to me that Mr. Hoffman told him that he preferred younger hot females working at the front desk.

22. I was replaced by a female.

## COUNT ONE

## TITLE VII GENDER DISCRIMINATION

23. Barnes adopts and realleges 1- 22 as if fully recited herein.

24. Barnes was never counseled or disciplined regarding his job performance.

25. Barnes' gender was motivating factors in Defendant's decision to terminate his employment and replace him with a female employee.

26. As a proximate result of Defendant's unlawful intentional discrimination, Barnes suffered financial loss, loss of employment and emotional distress.

27. Barnes seeks declaratory and injunctive relief, award of lost employment benefits and wages, back pay, front pay, interest, compensatory damages for emotional distress, costs, attorneys' fees, punitive damages and any and all such other relief the trier of fact may assess.

**WHEREFORE,** the Barnes, respectfully requests this Court:

A. Permanently enjoin Defendant from engaging further in its discriminatory treatment on the basis of gender.

B. Order Defendant, its agents, and employees to institute and carry out policies, practices, and programs which provide equal employment opportunities for men and women without regard to gender.

C. Order Defendant, their agents, and employees to make Barnes whole by providing appropriate back pay with prejudgment interest, front pay and other monetary relief as may be available to him;

D. Award Barnes compensatory and punitive damages;

E. Award Barnes his costs and expenses herein, including a reasonable

attorney fees; and,

F.     Award such other and further relief which this Court deems necessary and proper.

               Respectfully submitted,

               /s/ Kenneth D. Haynes
               Kenneth D. Haynes  (ASB-6190-H36K)

**OF COUNSEL**:
Haynes & Haynes, P.C.
1600 Woodmere Drive
Birmingham, Alabama 35226
(205) 879-0377
(205) 879-3572

## PLAINTIFF DEMANDS TRIAL BY STRUCK JURY

               /s/ Kenneth D. Haynes
               Kenneth D. Haynes

**DEFENDANT'S ADDRESS:**

Alabama Ventures-Huntsville, LLC
Henry Sorensen, Reg. Agent
1020 Old Monrovia Road, N.W.
Huntsville, AL 35802